# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT BRAZZELL, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLENTOWN POLICE DEPARTMENT, et al. | : | NO. 17-4985 |
| Defendants. | : | |

## MEMORANDUM

**LEESON, J.**                                                                                       **DECEMBER 15, 2017**

Plaintiff Robert Brazzell brings this civil action pursuant to 42 U.S.C. § 1983 based on an incident in which he was forcibly taken to a hospital by police officers and administered medication without consent. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to plaintiff filing an amended complaint.

## I. FACTS[1]

Plaintiff alleges that on November 7, 2015, officers of the Allentown Police Department arrived at his home in response to a call about a dispute involving plaintiff. Plaintiff was yelling at a neighbor who had complained about plaintiff's dog barking. After police arrived, plaintiff got into a disagreement with one of the officers. The officers left and subsequently returned, arrested plaintiff, and took him to St. Luke's Hospital where a nurse injected him with something

---

[1] The following allegations are taken from the complaint and the "affidavit of truth" attached to the complaint, which sets forth the factual basis for plaintiff's claims.

1

that put him to sleep even though he did not consent to the administration of medication. When plaintiff woke up, he was in pain on his left side.

Based on those events, plaintiff initiated this civil rights action against the Allentown Police Department, St. Luke's Hospital, and the "Philly Phyc Ward." He seeks $300 million in damages.

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court understands plaintiff to be bringing Fourth Amendment claims based on his arrest and Fourteenth Amendment claims based on the fact that he was administered medication without consent. *See Washington v. Harper*, 494 U.S. 210, 229, 110 S. Ct. 1028, 1041, 108 L. Ed. 2d 178 (1990) ("The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty."); *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995) ("[T]he Fourth Amendment prohibits a police officer from arresting a citizen except upon probable cause"). "To state a claim under § 1983, a plaintiff must allege

the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a basis for municipal liability under § 1983, a plaintiff must allege that the municipal defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Here, plaintiff does not allege that the deprivation of his rights stemmed from a policy or custom of the defendants. He alleges that he was improperly arrested by an officer of the Allentown Police Department and injected by a nurse at St. Luke's Hospital without consent, but he does not allege that those individuals' conduct stemmed from a policy of the Allentown Police Department or St. Luke's Hospital. Accordingly, plaintiff has not stated a claim against those defendants.[2] *See Doby v. DeCrescenzo*, 171 F.3d 858, 867 (3d Cir. 1999). Furthermore, it is not clear why plaintiff named "Philly Phyc Ward" as a defendant, because nothing in his

---

[2] It is also not clear from the complaint, as pled, that St. Luke's Hospital can be considered a state actor for purposes of this lawsuit. There are three general tests that govern whether a private actor such as St. Luke's Hospital may be considered a state actor for purposes of § 1983: "(1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative f the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). Plaintiff's affidavit does not contain enough information to establish that, under the circumstances of this case, St. Luke's Hospital could be considered a state actor. *See Davenport v. Pottstown Hosp. Co. LLC*, No. CV 17-1616, 2017 WL 3038254, at *6 (E.D. Pa. July 18, 2017).

affidavit or complaint explains how that defendant is involved in the events giving rise to his claims.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss the complaint.  However, plaintiff will be given an opportunity to file an amended complaint in the event he can cure the defects in his claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate order follows.